## Morrall *v.* Morrall, Appellant.

Submitted November 15, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*J. Mettler Pensyl, William L. Showers* and *W. Roger Fetter,* for appellants, submitted a brief.

*Alvin W. Carpenter,* for appellee, submitted a brief.

OPINION BY HIRT, J., January 17, 1952:

The master found the charge of adultery sustained by the evidence. No other conclusion was possible under the clear and satisfactory proofs in this case and the lower court properly entered a decree of divorce on that ground. There is no merit in this appeal.

The parties were married in 1934. Respondent was gainfully employed during the period of more than two years while libellant was in military service. On his return, after his honorable discharge on January 6, 1946, she asserted her independence and stated to li-

bellant that "she was her own boss and intended to do as she pleased." They resumed cohabitation however in a home provided by libellant in a rural district near Danville. Thereafter on two occasions in 1947 libellant observed his wife in an automobile, owned by her, with a strange man driving the car who was identified as the co-respondent when he appeared at the hearing before the master. On one of these occasions, in December 1947, libellant followed his wife's car in another automobile but the co-respondent by speeding through traffic was able to elude him. During this period there were furtive telephone calls which were also interpreted by libellant as evidence of his wife's extra marital interests. In the evening of April 23, 1948, libellant's suspicions were aroused by the actions of his wife in preparing to go out for the evening and he concealed himself in the trunk compartment of her automobile. He took a flashlight with him and a screw driver with which to release the trunk latch from the inside. She drove the car to Sunbury where the co-respondent joined her. The car was then driven to Milton and left in a parking lot while she and her companion attended a picture show. They returned after 11 o'clock and the car was later driven to the "Narrows below Sunbury" where it was parked off the road with the lights out. The respondent and her companion then moved to the back seat of the automobile and when libellant emerged from his hiding and went to the side of the car he surprised them, flagrante delicto, in the very act of adultery. Libellant unsuccessfully tried to get into the car, intending to assault the co-respondent. He was excluded by the co-respondent who got out of the automobile and attacked him. In the fight that ensued libellant was struck on the head and thrown to the ground in a dazed condition. In the meantime respondent started the engine and when the co-respondent

rejoined her in the car, drove off with him. In leaving the automobile to attack the libellant, the co-respondent, unfortunately for him, accidentally kicked his trousers from the floor of the car to the roadway, where they were recovered by the libellant. When libellant regained his senses he took the trousers with him and concealed himself in the bushes near the roadside. The co-respondent returned to the scene a few minutes later, undoubtedly to recover his trousers, but left without them when he was unable to locate the libellant. The co-respondent did not assert an alibi in his defense before the master perhaps because it would have been futile. In a pocket of the trousers was his wallet with cards intended to be used by him for the purpose of identification on other and happier occasions. The wallet with its contents and the trousers were offered in evidence by the libellant and were properly received; the co-respondent admitted that they were his. In evidence also were a photograph of the co-respondent taken from respondent's purse and a schedule of her working hours in her handwriting found by libellant in the trousers.

Adultery from its nature is usually committed in secret and it was so intended here. This is the exceptional case where in addition to uncontroverted incriminating circumstances (cf. *Pierpoint v. Pierpoint,* 108 Pa. Superior Ct. 108, 164 A. 808; *Asher v. Asher,* 161 Pa. Superior Ct. 609, 56 A. 2d 321) there is direct proof of the adultery in the testimony of the libellant which must be accepted as true. The issue of the credibility of the witnesses does not present any difficulty. The best of the evidence of the respondent in denial of the charge is only slightly less incredible than the explanation of the co-respondent as to how he came to be trouserless in the lady's car.

Decree affirmed.